IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIM DINTELMAN in his Own Right d/b/a
Elite Medical Services, Inc., DAVID
DONOVAN, in his Own Right d/b/a/
EMS of Southeast Arkansas, Inc.; ELITE
MEDICAL SERVICES, INC., EMS
OF SOUTHWEST ARKANSAS, INC.,                                    PLAINTIFFS

     v.                            CASE No.  5:07-cv-00196-JMM

CHICOT COUNTY MEMORIAL HOSPITAL;
CHICOT COUNTY MEMORIAL HOSPITAL
BOARD; QHR, a Plano Texas Corporation;
FRED ZIEMAN, Individually and in his Official
Capacity as County Judge of Chicot County,
Arkansas; LIZ McCOY, Individually and in her
Official Capacity as Acting County Judge of
Chicot County, Arkansas; CHICOT COUNTY
QUORUM COURT MEMBERS, Individually
And in their Official Capacities; CITY OF LAKE
VILLAGE, ARKANSAS; JOANNE BUSH, Individually
And in her Official Capacity as Mayor of Lake
Village, Arkansas; LAKE VILLAGE CITY
COUNCIL MEMBERS, Individually and in their
Official Capacities; LAURIE BRIDEWELL,
Individually and in her Official Capacity as City
Attorney for the City of Lake Village, Arkansas;
EMERGENCY AMBULANCE SERVICES, INC.
OF PINE BLUFF, ARKANSAS d/b/a EASI d/b/a
ATS and KEN STARNES, OWNER                                      DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**Introduction**

     The Plaintiffs' filed a complaint against Separate Defendants The City of Lake Village, Arkansas, Laurie Bridewell and JoAnne Bush on July 27, 2007.[1]  The Plaintiffs claim that the

---

[1] Plaintiff filed his original Complaint on or about June 25, 2007 and he filed an Amended Complaint on or about July 27, 2007.  The only differences between the original Complaint and the Amended Complaint appear to be the parties named as Plaintiffs.

1

Separate Defendants have violated the Plaintiffs' rights to due process, liberty, and equal protection, and that the Separate Defendants have violated the Commerce Clause and Anti-Trust Laws, and are liable for economic interference, intentional negligence, and fraud. Despite the broad and speculative assertions made by the Plaintiffs, the allegations contained in the complaint are insufficient to satisfy the general rules of pleading stated in Fed. R. Civ. P. 8(a) as emphasized in *Bell Atlantic v. Twombly*, 127 U.S. 1955 (2007), and, therefore, the complaint must be dismissed under Rule 12(b)(6) for failure to state a claim.

## Plaintiffs' Fail To Satisfy Rule 8(a)

"Rule 12(b)(6) motions must be read in light of Fed.R.Civ.P. 8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to relief." *Webb v. Lawrence County,* 144 F.3d 1131, 1135 -1136 (8th Cir. 1998) (quotations omitted). Even under a plain reading of Rule 8(a), the Plaintiffs' complaint fails to show that they are entitled to relief. The facts stated in the complaint contain nothing more than a date that the alleged violations began, an allegation that a conspiracy existed, an allegation that the Separate Defendants abused the law, and an allegation that the Plaintiffs were injured. There are no specific facts stated pertaining to these alleged violations, no allegations as to when or how the Separate Defendants conspired against the Plaintiffs, nor any allegations as to what means the Separate Defendants employed to abuse the law. In short, the Plaintiffs' complaint epitomizes the type of complaint Rule 8(a)(2) tries to prevent, and, as such, this case should be dismissed for failure to state a claim.

In light of the Supreme Court's recent decision in *Bell Atlantic v. Twombly*, it becomes even more apparent that the Plaintiff's complaint should be dismissed. 127 S.Ct. 1955, 1965 (2007). Prior to *Bell Atlantic*, the rule of law found in *Conley v. Gibson* determined what

constituted proper pleading under Rule 8(a). 355 U.S. 41 (1957).  The Court, in *Conley*, stated the requirement of Rule 8(a) is used only to provide "the defendant fair notice of what the ... claim is and the grounds upon which it rests." 355 U.S. at 47.  Above that requirement, *Conley* also required that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Id.* at 45-46.  In *Bell Atlantic*, the Supreme Court abrogated this requirement that a complaint, "beyond doubt," must contain no set of facts to support a claim. 127 S.Ct. at 1969 ("[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard.").

With *Bell Atlantic* the Court raised the bar for an adequate pleading beyond that originally contemplated by *Conley*.  The Court, in *Bell Atlantic*, stated that a pleading "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic v. Twombly*, (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller)).  Rule 8(a)(2) requires something more than a blanket assertion of entitlement to relief. The Court stated that, absent factual allegations, a plaintiff cannot "satisfy the requirement of providing fair notice" nor can he satisfy the requirement of alleging "grounds on which the claim rests."  *Id.* at 1965 fn. 3.  Furthermore, the Court noted that Rule 8(a) "contemplates the statement of circumstances, occurrences and events in support of the claim presented."  *Id.* (*citing supra*, Wright & Miller). There is no contemplation in Rule 8(a) of a pleader's "bare averment that he wants relief and he is entitled to it." *Id.*

The Plaintiff's complaint must be dismissed as it is little more than a bare averment; it does not contain statements of circumstances, occurrences or events in support of the Plaintiffs' claims.  The complaint fails to provide fair notice as to the claims against each of the Separate

Defendants. After a careful reading of the complaint, the Separate Defendants are at a loss for what factual allegations have been made against them. There are no factual allegations as to how the Separate Defendants violated the Plaintiffs' constitutional rights or how they are liable for any of the other violations alleged by the Plaintiffs. The Plaintiffs have not provided notice of what the claim is or the grounds upon which it may rest and thus have failed to satisfy Rule 8(a). Based on this failure, the Plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(6).[2]

### **Qualified Immunity**

The Separate Defendants Bush and Bridewell are also entitled to qualified immunity in their individual capacities, and, thus, the Plaintiff's complaint should be dismissed. Qualified immunity protects public officials from § 1983 actions if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005), (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 818, (1982)). "[T]he purpose of the qualified immunity doctrine is to provide ample room for mistaken judgments and to protect all but the plainly incompetent or those who knowingly violate the law.'" *Frye v. Kansas City Missouri Police Dept.*, 375 F.3d 785, 789 (8th Cir. 2004) (quoting *Habiger v. City of Fargo*, 80 F.3d 289, 297 (8th Cir. 1996)). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Davis v. Hall*, 375 F.3d 703, 711 (8th Cir. 2004). Qualified immunity is designed to "protect officials from the disruptions of going to trial as well as from liability for money damages. . . [i]t is important for public officials to be shielded from the burden of trial on insubstantial claims." *Wright v.*

---

[2] The Plaintiffs' specifically claim a violation of Anti-Trust laws, and while the Separate Defendants are unclear which section of the Anti-Trust laws the Plaintiffs are claiming was violated, the Court's decision in *Bell Atlantic* addresses specifically the pleading requirement when claiming a violation of § 1 of the Anti-Trust laws. In as much as the Plaintiffs' are claiming a violation under § 1, it is worth pointing out that the Court specifically held that a plaintiff must plead facts illustrating how and when a conspiracy took place. The Plaintiffs have failed to do so and, along with their other claims, the claim of a violation of § 1 of the Anti-Trust laws should be dismissed.

4

*South Arkansas Regional Health Center, Inc.*, 800 F.2d 199, 202-03 (8th Cir. 1986). Accordingly, the court generally should rule upon the defense at the earliest possible time. *Id.*

A court ruling upon the qualified immunity issue must first consider whether, taken in the light most favorable to the plaintiff, the facts alleged show the violation of federal law. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). If the answer to this threshold question is no, then the official is entitled to qualified immunity; however, if the facts as construed could make out a violation, then a second inquiry is required. *Id*. The second step of the analysis is to determine whether the right is clearly established. *Id.* at 818. To satisfy this inquiry a court must determine whether the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Id*. at 818-819. The relevant question in this regard is whether it would be clear to a reasonable officer that his or her conduct was unlawful given the situation. *Id*.

The Plaintiffs fail to allege any specific actions committed by either Separate Defendants Mayor JoAnne Bush or Laurie Bridewell that would constitute a violation. Moreover, even assuming *arguendo* that the Plaintiffs had alleged specific acts constituting a constitutional violation, the Plaintiffs offer nothing to illustrate that the law violated was clearly established. Absent a valid claim that JoAnne Bush or Laurie Bridewell violated the Plaintiffs' rights and a showing that any right violated was clearly established, the Separate Defendants are entitled to qualified immunity.

## **Legislative Immunity for Mayor JoAnne Bush**

It is well settled law that absolute legislative immunity is both available and necessary to city officials. Mayors, in their individual capacities, are entitled to absolute immunity when functioning in their legislative capacities. *Bender v. City of St. Ann*, 36 F.3d 57, 59 (8th Cir.

1994).  Without legislative immunity, the threat of liability would very likely significantly deter service in local government, where prestige and pecuniary rewards would pale in comparison to the threat of civil liability. See *Harlow v. Fitzgerald,* 457 U.S. 800, 816, (1982). "Furthermore, the time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace."  *Bogan v. Scott-Harris*, 523 U.S. 44 (1998) (citing *Tenney v. Brandhove,* 341 U.S. 367, 377 (1951).  Rather than initiating a lawsuit, the public's ultimate check against a mayor is the electoral process, especially at the local level where officials are often more closely responsible to the electorate. *Tenney,* 341 U.S. at 378.

Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity." *Tenney,* 341 U.S. at 376.  Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it.  *Bogan,* 523 U.S. at 54.  Accordingly, it is simply "not consonant with our scheme of government for a court to inquire into the motives of legislators." *Tenney*, 341 U.S. at 377.

Accordingly, Mayor JoAnne Bush, is entitled to absolute legislative immunity in her individual capacity.  The Plaintiffs have failed to plead a specific instance where Mayor Bush took any action outside "the sphere of legitimate legislative activity."  Instead, Plaintiff has pled broad and general allegations against all of the defendants *in toto*.  For all of these reasons, Mayor Bush is entitled to absolute legislative immunity.

## Conclusion

For all of the reasons stated above and in the Motion to Dismiss, Separate Defendants respectfully request that the Court grant their Motion to Dismiss.

>
> Respectfully Submitted,
>
> DEFENDANTS
>
> CITY OF LAKE VILLAGE, ARKANSAS,
> JOANN BUSH, and LAURIE
> BRIDEWELL
>
>
> By:____/s/ Robert L. Beard_____
> ROBERT L. BEARD, AR Bar No. 2002109
> Attorney for Defendants
> Post Office Box 38
> North Little Rock, AR  72115
> TELEPHONE:  501-978-6119
> FACSIMILE:  501-537-7267
> rbeard@arml.org

## **CERTIFICATE OF SERVICE**

I, Robert L. Beard, hereby certify on August 20, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the counsel of record, and I hereby certify that I have sent the document by the following as referenced below:

John L. Kearney
kearneylawoffices@yahoo.com

The foregoing was served via:

☒	Electronic Mail

                                    ___/s/ Robert L. Beard _____
                                        ROBERT L. BEARD
                                        Attorney for Defendants
                                        Post Office Box 38
                                        North Little Rock, AR  72115
                                        TELEPHONE:  501-978-6119
                                        FACSIMILE:  501-537-7267
                                        rbeard@arml.org