### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**JIM DINTELMAN, in his own right, and d/b/a**         **PLAINTIFFS**
**Elite Medical Services, Inc; ELITE MEDICAL**
**SERVICES, INC.; DAVID DONOVAN, in his**
**own right, and d/b/a EMS OF Southeast**
**Arkansas, Inc.; EMS OF SOUTHEAST**
**ARKANSAS, INC.; and EMS OF SOUTHEAST**
**ARKANSAS, INC. d/b/a Dermott City EMS and**
**Ashley County EMS**

**v.**                 **Case No.:**    **5:07-CV-0196 JMM**

**CHICOT COUNTY MEMORIAL HOSPITAL; THE**
**GOVERNING BOARD OF CHICOT COUNTY**
**MEMORIAL HOSPITAL, both individually, and in**
**their respective official capacities; QHR, a Plano,**
**Texas corporation; FRED ZIEMAN, both individually,**
**and in his official capacity as COUNTY JUDGE OF**
**CHICOT COUNTY, ARKANSAS; LIZ MCCOY, both**
**individually, and in her official capacity as ACTING**
**COUNTY JUDGE OF CHICOT COUNTY, ARKANSAS;**
**CHICOT COUNTY QUORUM COURT; THE INDIVIDUAL**
**MEMBERS OF THE CHICOT COUNTY QUORUM**
**COURT, both individually, and in their official capacities;**
**CITY OF LAKE VILLAGE; JOAN BUSH, both individually,**
**and in her capacity as MAYOR OF LAKE VILLAGE,**
**ARKANSAS; THE CITY COUNCIL OF LAKE VILLAGE,**
**ARKANSAS, both individually, and in their official capacities;**
**LORI BRIDEWELL, both individually and in her official**
**capacity as CITY ATTORNEY FOR THE CITY OF LAKE**
**VILLAGE, ARKANSAS; EMERGENCY AMBULANCE**
**SERVICES, INC., of Pine Bluff, Arkansas d/b/a EASI and**
**ATS; and KEN STARNES, Owner**         **DEFENDANTS**

## BRIEF IN SUPPORT
## OF
## <u>MOTION TO DISMISS</u>

## I.      Procedural Background.

The Plaintiffs in the instant case are attempting to assert various claims against Separate Defendant Chicot Memorial Hospital ("<u>Chicot Memorial</u>") relating to the provision of ambulance service in Chicot County, Arkansas.   A Complaint was initially filed by the Plaintiffs on July 25, 2007 with an "Amended Complaint for Violation of Rights under 42 U.S.C. 1983, Economic Interference, Intentional Negligence, Interference with Interstate Commerce, Anti-Trust Violation and Fraud" (hereinafter the "<u>Amended Complaint</u>") being filed on July 27, 2007.   The Amended Complaint was not served on Chicot Memorial until October 11, 2007.

In the Amended Complaint, the Plaintiffs makes the following conclusory allegations:

9.      That beginning in 2004 and persistently since that time, the defendants have acted both jointly severally, individually and in conspiracy, to violate the rights of the plaintiffs . . ..

10.     That the said violations were accomplished by acts and agreements between the defendants, both public and secret in nature . . . designed to destroy the plaintiffs economically and competitively . . ..

11.     That the aforesaid violations were accomplished by the misuse and abuse of federal, state and county laws, regulations, policies and practices . . ..

*Amended Complaint, ¶¶ 9, 10 and 11.*   As set forth herein, the allegations in the Plaintiffs Amended Complaint are insufficient to provide "a short and plain statement" of the Plaintiffs' claim, as required by FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2).   As a result of such failure, the Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

**II.     The Plaintiffs' Complaint does not provide a short and plain statement demonstrating that the Plaintiffs are entitled to relief.**

FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."   While a court reviewing the sufficiency of a complaint should treat factual allegations as true when considering a motion to dismiss, a Plaintiff cannot satisfy the requirements of FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) with bare, unsupported, conclusory allegations.   If a complaint does not provide sufficient factual allegations to demonstrate a possible entitlement to relief, dismissal of the complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) is appropriate.

The United States Supreme Court recently considered whether the complaint in an antitrust case met the minimum requirements of FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2).   *Bell Atlantic Corp. v. Twombly*, – U.S. —, 127 S.Ct. 1955, 167 L.Ed 2d 929 (2007).    In the *Bell Atlantic* case, the plaintiffs generally alleged in their complaint that a conspiracy existed between the plaintiffs to stifle competition in the market for telephone and high speed internet services.   *Bell Atlantic*, – U.S. —, 127 S.Ct. at 1963, 167 L.Ed 2d at 938.   However, the plaintiffs complaint in that case failed to make any factual allegations describing the agreement made in support of the alleged conspiracy or the actions allegedly taken in support of the conspiracy.   *Id.*

The United States District Court for the Southern District of New York dismissed the plaintiffs complaint for failure to state a claim upon which relief could be granted.   *Bell Atlantic*, – U.S. —, 127 S.Ct. at 1963, 167 L.Ed 2d at 938.   The Second Circuit Court of Appeals reversed the District Court's dismissal of the complaint and the matter was then submitted to the United States Supreme Court.   *Id.*    The Supreme Court then reversed the Second Circuit and agreed with the District Court's dismissal of the plaintiffs complaint for failure to state a claim upon which relief could be granted.   *Bell Atlantic*, – U.S. —, 127 S.Ct. at 1963, 167 L.Ed 2d at 939.

In discussing the basis for its opinion that the plaintiffs' complaint failed to state a claim upon which relief could be granted, the Supreme Court noted:

> FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *[ citation omitted ]*   While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, . . .a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .. *[ citations omitted ]*
>
> . . .
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of RULE 8(a)(2)that the "plain statement" possess enough heft to "show that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of "entitlement to relief." *[ citation omitted ]*

*Bell Atlantic*, – U.S. —, 127 S.Ct. at 1964-66, 167 L.Ed 2d at 940-41.

The Supreme Court also went on to recognize that such basic deficiencies in a complaint should bar a plaintiff from proceeding with discovery in an attempt to factually support conclusory allegations in a complaint.   On this point, the Supreme Court explained:

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *5 Wright & Miller § 1216, at 233-234 (quoting Daves v. Hawaiian Dredging Co., 114 F. Supp. 643, 645 (Haw. 1953)); see also Dura, supra, at 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577; Asahi Glass Co. v. Pentech Pharmaceuticals Inc., 289 F. Supp. 2d 986, 995 (ND Ill. 2003) (Posner, J., sitting by designation)* ("Some threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").
>
> Thus, it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, *cf. Poller v. Columbia Broadcasting System, Inc., 368 U.S.*

*464, 473, 82 S. Ct. 486, 7 L. Ed. 2d 458 (1962)*, but quite another to forget that proceeding to antitrust discovery can be expensive.   As we indicated over 20 years ago in <u>*Associated Gen. Contractors of Cal., Inc. v. Carpenters*</u>, *459 U.S. 519, 528, n. 17, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983)*, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (CA7 1984).

<u>*Bell Atlantic*</u>*, – U.S. —, 127 S.Ct. at 1966-67, 167 L.Ed 2d at 942-43.*

A review of the Plaintiffs' Amended Complaint in the instant case shows that it contains the same deficiencies as the complaint in the <u>*Bell Atlantic*</u> case – it contains only conclusory allegations without factual support sufficient to demonstrate a claim upon which relief can be granted.   The Plaintiffs' Amended Complaint refers to conspiracies, agreements to conspire and violations of laws, but does not include a single fact to support such conclusory allegations.  *See, Plaintiffs' Amended Complaint, ¶¶ 9, 10 and 11.*   As a result, the outcome in the instant case should be the same as in the <u>*Bell Atlantic*</u> case – the Plaintiffs' Amended Complaint should be dismissed,  pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), for failure to state a claim upon which relief can be granted.

### III.   Conclusion.

A reading of the Plaintiffs' Amended Complaint demonstrates that it fails to provide "a short and plain statement of the claim showing that the [Plaintiffs are ] entitled to relief", as required by FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2).   As a result, Separate Defendant Chicot Memorial Hospital requests that the Plaintiffs' Amended Complaint be dismissed, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201
Phone – (501) 376-2011
Fax – (501) 376-2147

*Attorneys for Chicot County Memorial Hospital*

By: **/s/ Lynda M. Johnson**
    Lynda M. Johnson, AR Bar No. 86
    E-Mail – **ljohnson@fec.net**
    Direct Phone – (501) 370-1553

By: **/s/ Bruce B. Tidwell**
    Bruce B. Tidwell, AR Bar No. 96115
    E-Mail – **btidwell@fec.net**
    Direct Phone – (501) 370-1496

## CERTIFICATE OF SERVICE

I hereby certify that on this __30th__ day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

John L. Kearney                    ( **kearneylawoffices@yahoo.com** )
KEARNEY LAW OFFICES
P.O. Box 8276
Pine Bluff, AR 71611-8276

Ralph C. Ohm                       ( **aperma@hotspringslaw.net** )
Attorney at Law
P.O. Box 1558
Hot Springs, AR 71902-1558

C. Burt Newell                     ( **burt@hotspringslaw.net** )
NEWELL & HARGRAVES
P.O. Box 1620
Hot Springs, AR 71902-1620

Robert L. Beard, Jr.               ( **rbeard@arml.org** )
ARKANSAS MUNICIPAL LEAGUE
P.O. Box 38
North Little Rock, AR 72115-0038

Zachary Taylor                     ( **bntlawfirm@gmail.com** )
BROCKMAN, NORTON & TAYLOR
501 East Eighth Ave.
P.O. Box 8967
Pine Bluff, AR 71611-8967

**/s/ Bruce Tidwell**