IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JIM DINTELMAN, in his own right, and d/b/a
Elite Medical Services, Inc.;
ELITE MEDICAL SERVICES, INC.;
DAVID DONOVAN, in his own right, and d/b/a
EMS of Southeast Arkansas, Inc.;
EMS OF SOUTHEAST ARKANSAS, INC.; and
EMS OF SOUTHEAST ARKANSAS, INC. d/b/a
Dermott City EMS and Ashley County EMS**  PLAINTIFFS

V.                                                5:07CV00196JMM

**CHICOT COUNTY MEMORIAL HOSPITAL, et al**      DEFENDANTS

## ORDER DENYING MOTIONS TO DISMISS

Pending are the Motions to Dismiss of Defendants City of Lake Village, Arkansas, JoAnne Bush, Laurie Bridewell and Chicot Memorial Hospital.  Plaintiffs have responded.  For the reasons set forth below, the Motions are DENIED without prejudice to re-filing.

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and

unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

Plaintiffs allege that "beginning in 2004 and persistently since that time, the defendants have acted both jointed and severally, individually and in conspiracy, to violate the rights of the plaintiffs. . . . That said violations were accomplished by acts and agreements between the defendants, both public and secret in nature, officially authorized and unauthorized at times giving rise to both official and individual liability herein, designed to destroy the plaintiffs economically and competitively, and specifically, to unlawfully exclude plaintiffs from the business of providing ambulance services to patients, in either an emergency or non-emergency capacity, from the Chicot County Memorial Hospital to destination terminating within a city located in Chicot County, Arkansas and/or terminating in a location outside Chicot County, Arkansas." (Amended Complaint.) In their Response to the Motions to Dismiss, Plaintiffs add that defendants violated their rights "by reaching private and public agreements between them, and urging and developing official government policies in turn, which were designed to and did unlawfully exclude these plaintiffs from providing ambulance transportation services. . . ." (Response to Motion to Dismiss, at p. 2.)

These factual allegations give very little information regarding the "how, when, and where" of the alleged unlawful actions. However, the Court finds that the deficiency is not so great as to warrant dismissal at this stage in the litigation. Therefore, the Court will allow the

Plaintiffs to amend their Complaint further to add more information regarding the "how and when" of the alleged unlawful acts by the Defendants.  The Defendants' Motions to Dismiss will be denied without prejudice to their right to re-file the motions if necessary.

In conclusion, Plaintiffs are directed to amend their Complaint on or before December 28, 2007.  Defendants' Motions to Dismiss (Docket # 10 and # 18) are DENIED without prejudice.

IT IS SO ORDERED this 17th day of December 2007.

_____
James M. Moody
United States District Judge