IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIM DINTELMAN, et. al.                                          PLAINTIFFS

VS.                          CASE NO.  5:07CV00196

CHICOT COUNTY MEMORIAL HOSPITAL, et. al.               DEFENDANTS

### ORDER

Pending is the motion for summary judgment of Separate Defendants, Fred Zieman, individually and in his official capacity, Liz McCoy, individually and in her official capacity, Chicot County Quorum Court, and the individual members of the Chicot County Quorum Court individually and in their official capacities. (Docket # 106).  Plaintiffs have filed a response. For the reasons stated herein, Defendants' motion is GRANTED.

Procedural History

By Orders entered March 31, 2011, (docket # 159 and 160) the Court granted the motions for summary judgment of Separate Defendants Chicot County Memorial Hospital and EASI.  The Court set forth the following procedural history of this case:

> Plaintiffs Jim Dintelman, in his own right, and d/b/a Elite Medical Services, Inc.; David Donovan, in his own right and d/b/a Elite Medical Services, Inc.; Elite Medical Services, Inc.; and Elite Medical Services, Inc. d/b/a Dermott City EMS and Ashley County EMS filed this action against Chicot County Memorial Hospital ("CMH"); the governing board of Chicot County Memorial Hospital both individually, and in their respective official capacities; QHR, a Plano, Texas Corporation; Fred Zieman, both individually, and in his official capacity as County Judge of Chicot County, Arkansas; Liz McCoy, both individually, and in her official capacity as Acting County Judge of Chicot County, Arkansas; Chicot County Quorum Court; the individual members of the Chicot County Quorum Court, both individually and in their official capacities; City of Lake Village; Joan (sic) Bush, both individually, and in her capacity as Mayor of Lake Village, Arkansas; the City Council of Lake Village, Arkansas, both individually, and in their official capacities; Lori Bridewell, both individually and in her official capacity as City Attorney for City of Lake Village, Arkansas; Emergency Ambulance Services, Inc. of Pine Bluff, Arkansas d/b/a EASI and ATS and Ken

Starnes, Owner.

Plaintiffs' complaint alleges causes of action for "violation of rights under 42 U.S.C. §1983, economic interference, intentional negligence, interference with interstate commerce, anti-trust violations and fraud." Plaintiffs filed an amended complaint on July 27, 2007 adding EMS of Southeast Arkansas, Inc. as a Plaintiff. Plaintiffs filed a Second Amended Complaint on January 18, 2008.

Pending are motions for summary judgment filed by Defendant CMH (docket # 93); Emergency Ambulance Services, Inc. of Pine Bluff, Arkansas, d/b/a EASI and ATS and Ken Starnes, owner (docket # 98); Chicot County Quorum Court, the individual members of the Chicot County Quorum Court, Liz McCoy and Fred Zieman (docket # 106); and, City of Lake Village, Arkansas, Joanne Bush, Lake Village City Council Members and Laurie Bridewell (docket # 111). All defendants claim that summary judgment is proper at this time. . . .

The Court will address the motion of Separate Defendants, Fred Zieman, individually and in his official capacity, Liz McCoy, individually and in her official capacity, Chicot County Quorum Court, and the individual members of the Chicot County Quorum Court, individually and in their official capacities (hereinafter referred to collectively as "the Separate Defendants") herein.

Facts

The Separate Defendants adopted by reference the Statement of Undisputed Facts filed on behalf of Separate Defendant CMH. Accordingly, the following facts as set forth in the Court's Order entered March 31, 2011, (docket #159 ) are applicable herein.

> CMH states that Plaintiffs' claims stem from the ambulance services contract that the City of Lake Village entered into with Emergency Ambulance Service of Arkansas, Inc. in December 2004. Plaintiffs deny that their case stems solely from the referenced ambulance services contract, and affirmatively state that their second amended complaint stems from:
>
> > a) a conspiracy in February, 2004, by the City, EASI and its owner, Kenneth Starnes, the City's Mayor, Joanne Bush, its City Attorney, Lorie Bridewell, CMH, and Chicot County Judge Mac Ball, Sr., to terminate a contract which plaintiff Elite Medical Services, Inc. ("Elite") had with the City and Chicot County, to provide

    ambulance services at CMH; b) the named defendants successful
    attempts in 2004/2005 to replace Elite with EASI in the CMH
    contract, under conditions which provide EASI an unprecedented
    monopoly of ambulance services at CMH; and defendants, in the
    course of pursuing the aforesaid conspiracy, breaching their
    authority and obligations as public officials, violating various
    business contracts which plaintiffs had with other medical facilities
    and patients, and violating various federal and state laws and
    regulations affecting monopolies, interstate commerce, kickbacks,
    illegal "steering" and the requirements for administration, use
    and/or handling of Medicare/Medicaid benefits, including violating
    the privacy, confidentiality, contractual and freedom of choice
    rights of the patients affected by such policies.

  CMH does not bill or collect for ambulance services provided by third party providers such as the Plaintiffs or EASI. Prior to entering into the questioned ambulance services contract, the City of Lake Village sought bids from various ambulance service providers. Plaintiffs allege that these bids were sought after the City had breached a similar contract it had with Elite and the bid specifications were such that only EASI could satisfy the requirements. CMH had no involvement in the ambulance service bid process conducted by the City of Lake Village.

  At the time the City of Lake Village sought bids for ambulance services, it had an "Ambulance Service Contract" with Elite Medical Services, Inc. ("Elite") and Jim Dintelman whereby Elite and Dintelman were to be the exclusive providers of ambulance services in the City of Lake Village. David Donovan and EMS of Southeast Arkansas, Inc. had an exclusive contract to provide ambulance services to the City of Dermott. None of the Plaintiffs submitted a bid to the City of Lake Village seeking to provide ambulance services to the City. After reviewing the bid specifications, Plaintiff Jim Dintelman and Elite decided not to submit a bid to the City of Lake Village because of economic concerns over the cost of providing dispatch services. Plaintiff David Donovan and his corporate entity, EMS of Southeast Arkansas, Inc. decided not to submit a bid because of concerns that it would not be financially feasible for them to provide the level of ambulance services being requested by the City of Lake Village. Additionally, Donovan claims that because of actions of Separate Defendant Laurie Bridewell, acting as private counsel to Donovan's wife in a divorce action, he was unable to disclose his financial statement, precluding his ability to bid on the contract. Plaintiffs also contend that they were unaware that the potential contract involved a "monopoly of transfers out of CMH" when they determined the financial feasibility of biding. However, the bid specifications noted the "exclusive" nature of the contract.

  The City awarded its ambulance services contract to EASI after

considering the responses received.  Plaintiffs claim that this contract was not valid.  CMH claims that it had no involvement in the decision to award the ambulance services contract to EASI.  Plaintiffs state that "the conspiracy [began] by defendants in March 2004, to unlawfully terminate Elite's contract at the hospital culminating with the award of the contract to EASI in December 2004." CMH was not a party to the ambulance services contract entered into in December 2004 by and between the City of Lake Village and EASI.  However, Plaintiffs claim that CMH willfully and knowingly participated, furthered and expressly enforced what it knew was a monopoly.

In accordance with the Exclusive Contract for Ambulance Services, the City of Lake Village granted EASI an "exclusive franchise agreement to operate a paramedic ambulance service within the City of Lake Village."  Plaintiffs claim that the contract was voided by the withdrawal of the County in February 2005, the failure of the City to obtain the consent of its sister cities to the agreement and the fact that the City failed to qualify as a "regulating city."

Defendants claim that the City of Lake Village was authorized to enter into an exclusive provider agreement for ambulance services by Ark.. Code Ann. §14-266-102 which states, in relevant part:

> (a) (1) It is legislatively determined that it may be desirable  for cities of the first class and second class within this state to be authorized and empowered to own,  operate, permit, control, manage, franchise, license, and regulate emergency medical services, emergency medical technicians, emergency and nonemergency ambulances, ambulance companies, their relative properties, facilities, equipment, personnel, and any and all aspects attendant to providing emergency medical services and ambulance operations as the cities may deem proper to provide for the health, safety, and welfare of their citizens.
> . . .
> (b) (1) It is further legislatively determined that emergency medical services and ambulance operations, when subjected to competitive practices of multiple companies simultaneously serving the same city, operate under precarious financial conditions and that this type of competition is harmful to the health, safety, and welfare of residents of the state.
>
> (2) However, it is also legislatively determined that periodic competition among companies for the right to provide ambulance services offers a safe and effective means of encouraging fair and equitable private-sector participation.
>
> (3) Therefore, in order to ensure the availability of state-of-the-art

>advanced life support systems and ambulance systems, the General
>Assembly specifically delegates and grants to cities of the first
>class and second class the right and power to contract exclusively
>or otherwise, using competitive procurement methods, for the
>provision of emergency medical services and ambulance services
>for the city and to provide continuing supervision of those services.

Plaintiffs argue that the City was not qualified to enter such an agreement because it lacked an agreement or consent from the County and the City's sister cities.

CMH is located within the city limits of the City of Lake Village. After the ambulance services contract was entered into with EASI, CMH was informed by the City of Lake Village that all transfers of patients originating at the hospital had to be handled by EASI. Following the entry of the contract with EASI, the Plaintiffs' ambulance services could transport patients to CMH, but the contract restricted the Plaintiffs' right to transfer patients from CMH.

In February 2005, EASI, Elite, and Dermott EMS entered into an "Agreement" defining how 911 calls within Chicot County would be assigned to the various ambulance service providers. CMH claims that it had no involvement in how the 911 calls within Chicot County were to be assigned to the various ambulance service providers. Plaintiffs contend that the agreement regarding 911 calls was rendered ineffective by the City's decision, with CMH's consent, to surrender all dispatch functions to EASI.

Due to the directions from the City of Lake Village, CMH adopted a transfer policy and posted a "Memo" informing its employees of the new ambulance transfer policy. CMH objected to the exclusive provider relationship because of potential harm to its business interests and relationships. CMH's Chief Executive Officer sent a letter to the City of Lake Village objecting to the exclusive provider relationship. In response to the letter, the City of Lake Village instructed the hospital to continue as it had been instructed and direct all ambulance or medical transport calls to EASI. Plaintiffs complain that CMH took no action to end or withdraw its participation in the exclusive provider relationship. By letter dated March 24, 2005, CMH again objected to the exclusive provider relationship noting that it was suffering damage to its reputation and finances because of the agreement.

On or about April 20, 2005, CMH revised its ambulance transfer policy to make a distinction between "intra-county" and "inter-county" transfers. At the request of the Prosecuting Attorney for the 10th Judicial Circuit, the Arkansas Attorney General issued an opinion on July 29, 2005 clarifying that the City of Lake Village could regulate intra-county transfers originating within its municipal boundaries, but could not regulate inter-county transfers. Upon such Opinion

5

being issued by the Arkansas Attorney General, CMH revised its ambulance transfer policies to be consistent with the Opinion.

The Separate Defendants also adopted by reference the Statement of Undisputed Facts filed on behalf of EASI. Accordingly, the following facts as set forth in the Court's Order entered March 31, 2011, (docket #160 ) are applicable herein.

EASI adds the following facts: Kenneth Starnes and the Separate Defendant identified as "Ken Starnes, Owner" are the same individual. On or about July 30, 2007, Plaintiffs attempted to serve Kenneth Starnes with a Summons and Complaint in this action at his place of business. The affidavit of Mr. Starnes, attached in support of his motion for summary judgment, establishes that he was not present on this day and he did not authorize any third party to accept service of process on his behalf. Plaintiffs dispute these facts, but offer no proof to demonstrate that proper service was obtained. EASI also contends that Plaintiffs have named the wrong corporate entity. Kenneth Starnes is the chief executive officer of two corporate entities: Emergency Ambulance Service Of Arkansas, Inc., and Emergency Ambulance Service, Inc. EASI states that the named corporate Defendant in this action, Emergency Ambulance Services (sic), Inc. has never done business in Chicot County. EASI states that the corporate entity doing business with the City of Lake Village was Emergency Ambulance Service Of Arkansas, Inc.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

For the reasons set forth in the Court's Orders granting the motions for summary judgment of Separate Defendant CMH, (docket # 159), and Separate Defendant EASI, (docket #160), these Separate Defendants are also entitled to summary judgment.

Plaintiffs claim that beginning in March 2004, then Chicot County Judge Mac Ball, Sr. conspired with others to "unlawfully terminate the valid contract of separate plaintiff Elite Medical Services, Inc. with the city and county for provision of primary ambulance services." Plaintiffs argue that in February, 2004, Judge Ball sent a letter purporting to immediately

7

terminate Elite's ambulance service contract with Chicot County and Lake Village. This contract undisputedly terminated on its own terms on December 31, 2004. Despite the communication from Judge Ball, Plaintiffs admit that Elite continued to perform its service agreement with Chicot County and Lake Village through December 31, 2004.

The disputed ambulance services contract was entered between the City of Lake Village, Arkansas and Emergency Ambulance Service of Arkansas, Inc. in December, 2004 for services beginning January 1, 2005. The Separate Defendants, Fred Zieman, both individually and in his official capacity as County Judge of Chicot County, Arkansas (Deceased); Liz McCoy, both individually and in her official capacity as acting County Judge of Chicot County; Chicot County Quorum Court; the individual members of the Chicot County Quorum Court, both individually and in their official capacities had no involvement in the bidding process or in the decision to award the ambulance service contract to EASI. These Separate Defendants are not parties to the contract. Further, it is undisputed that the Plaintiffs did not submit bids seeking the ambulance service contract with the City of Lake Village.

In order to present a successful claim of a conspiracy to deprive the Plaintiffs of civil rights, Plaintiffs must produce "some facts which would suggest that the [defendants] reached an understanding to violate [their] rights." *Johnson v. City of Shorewood*, 360 F.3d 810, 817 (8th Cir. 2004). Here, as in *Johnson*, the record is replete with Plaintiffs' speculative beliefs regarding a conspiracy, however, Plaintiffs fail to point to any specific facts demonstrating that these Separate Defendants conspired to violate Plaintiffs rights. Plaintiffs state that "the exact relationship and communications between defendants Starnes, Ball, Bridewell and Lake Village Mayor Joanne Bush, in early 2004 is unknown" and Plaintiffs present no evidence other than

speculation and conjecture to support their conspiracy theory.  The Court is unable to rely on the numerous hearsay statements contained in Plaintiff Dintelman's affidavit. *Brooks v. Tri-Systems, Inc*., 425 F.3d 1109, 1111 (8th Cir. 2005)("When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment."). The Court finds that Plaintiffs failed to meet their burden to demonstrate facts which would suggest that the Defendants reached an understanding to violate their rights. *Johnson*, 360 F.3d at 817.

Plaintiffs' claims for interference with contractual relationships must also fail. It is undisputed that  Elite continued to perform its service agreement with Chicot County and Lake Village through December 31, 2004 when the contract terminated on its own terms.  Further, none of the Plaintiffs submitted a bid for the disputed contract with the City of Lake Village.

As explained in the Court's Order granting CMH's motion for summary judgment, the state action immunity doctrine is applicable to this case, accordingly, Plaintiffs are precluded from pursuing antitrust claims against these defendants based on the exclusive ambulance service franchise in the City of Lake Village.

Plaintiffs' constitutional claims also fail for the reasons set forth in the Court's Order granting CMH's motion for summary judgment.

Plaintiffs' state law claims against these Separate Defendants also fail.  Plaintiffs allege causes of action for defamation, intentional negligence and fraud, however, Plaintiffs fail to offer any evidence to support these claims.   Plaintiffs' unsupported and conclusory allegations are insufficient to overcome the entry of summary judgment on these claims.  "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative

evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." See *Godfrey v. Pulitzer Pub. Co.*, 276 F.3d 405, 412 (8th Cir.2002) (internal quotation marks and citation omitted).

Lastly, to the extent that Plaintiffs are attempting to assert a claim for relief on behalf of third-party patients, Plaintiffs lack standing. *See, Gold Cross Ambulance v. City of Kansas City*, 705 F.2d 1005, 1016 (8th Cir. 1983) (a party "may not claim standing . . . to vindicate the constitutional rights of some third party.").

## Conclusion

For the reasons set forth above, the motion for summary judgment of Separate Defendants, Fred Zieman, individually and in his official capacity, Liz McCoy, individually and in her official capacity, Chicot County Quorum Court, and the individual members of the Chicot County Quorum Court individually and in their official capacities. (Docket # 106)  is GRANTED.

IT IS SO ORDERED this 12th day of July, 2011.

James M. Moody
United States District Judge